483 P.2d 886

**STATE of Utah, Plaintiff and Respondent,**

v.

**Larry Wayne LOWDER, Defendant and Appellant.**

**No. 12203.**

Supreme Court of Utah.

March 31, 1971.

---

1. Warner Motor Co. v. Strand, 225 Or. 315, 358 P.2d 282.

Brian R. Florence, of Florence, Hutchison & Sharp, Ogden, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, David S. Young, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a burglary conviction in a jury case. Affirmed.

A codefendant, identified by two witnesses after having been shown five photographs of five individuals, was arrested in the company of defendant, who later was identified by the same two witnesses after they again were shown four of the same photographs plus one of defendant, who was then arrested.

After a preliminary hearing defendant's counsel demanded a Bill of Particulars pursuant to our statute.[1] The court entered an order requiring such Bill, which was more or less ignored until a Motion To Dismiss for delay was taken under advisement by the court until trial, but which was furnished on a Friday before the trial set for a Monday. It contained the names and addresses of witnesses interviewed,

1. Title 77–21–9, Utah Code Annotated 1953.

fingerprints and photograph information listed (which proved to be erroneous and connected with another case), etc. At the inception of the trial defendant's counsel, urging too little time to prepare his defense after the Bill was furnished, nonetheless stated that even though he thought he would be entitled to a continuance for such preparation, his client was anxious to have the matter out of the way, and he was going ahead with the case without making such a motion.

At the trial, a state's witness obviously became confused in trying to spot the locations of her own and other residences on a diagram she had not examined before, prepared by someone else. The trial court ordered a short recess so that the witness might orient herself to the diagram,—a gesture which defendant urges was prejudicial. The trial judge on two occasions examined two police officers, which questioning obviously was designed to clarify a few statements which the judge indicated were not entirely clear to him. This procedure also was assigned as prejudicial error. An examination of what was a record of about 240 pages reflects that the trial court used up not more than six or seven pages thereof in what appears to us to have been nothing but an effort to assure orderly procedure and to clarify the record, with no indication that the questions asked and the procedure indulged

were otherwise intended. We can see no substantial merit to the errors urged and we must, and do, reject them.

Besides the above errors asserted, defendant says that the case should have been dismissed for failure of the State timely to furnish a Bill of Particulars. The answer to this urgence is an obvious waiver of such right by defendant's failure to ask for a continuance, and because of an equally obvious attempt,—no matter of right on the part of defendant,—to require the State to furnish evidence it had no intention to use,—not the "particulars of the offense." Besides, the contention of prejudice had to do with some kind of a statement a potential state witness made at preliminary examination which apparently was not considered by the State to be of sufficient importance to pursue or cloud an issue that may have unnecessarily prejudiced its case, and which statement is not in the record here. It appears that defendant had access to this information as well as the State. The defendant apparently considered the statement of little consequence, else he would have asked for the continuance which he waived. We think he cannot invite error by such procedure.

Defendant raises an issue about irregular display of mugshots to eyewitnesses. Without burdening this opinion with detailed protraction, we refer only to the

record in concluding that the contention lacks substance.

 It is urged also that defendant's Notice of Alibi was such that he should have been allowed to present evidence of his whereabouts. The notice named five persons, giving addresses of four, but a giveaway "unknown" response to the fifth, volunteering that "these individuals were together during the evening, visiting places of residents and all individuals would know of his (defendant's) whereabouts during the time." This point appears to be sort of a strawman. Counsel seems to have conceded that he would have used but one of the individuals named since he himself could not find the others. It appears that the State could not locate them either. In oral argument, counsel said the State would not permit the defendant himself to testify as to his whereabouts. We find no basis in the record for such contention. It may have been better in dispelling any question of prejudiciality had the trial court permitted the lone witness named in the alibi notice to testify, but under circumstances of this case and the highly questionable use or abuse of the rules with respect to the function of the notice of alibi, we cannot and do not say that there prevailed any realistic or substantial urgence of prejudice.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.